ANGLO–CONTINENTAL CHEMICAL WORKS, Limited, v. DILLON et al.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. ATTORNEY AND CLIENT—RIGHT OF CLIENT TO CHANGE ATTORNEY.
   A party has the absolute right to change his attorney.
   [Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 111.]

2. SAME—SUBSTITUTION—COMPENSATION OF ATTORNEY—LIEN.
   Under rule 10 of the general rules of practice, providing that an attorney may be changed by consent of the party and his attorney, or, on application of the client, on cause shown, and on such terms as shall be just, the rights of the attorney should be protected, where no misconduct is shown; and when an attorney has rendered services and received no compensation therefor, a substitution should not be granted without protecting his lien.
   [Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 110–119.]

Appeal from Special Term, New York County.

Action by the Anglo-Continental Chemical Works, Limited, against James St. George Dillon and another. From an order granting substitution of attorneys, and directing the surrender of the papers in the action without terms, Archibald C. Shenstone appeals. Modified, and, as modified, affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Archibald C. Shenstone, in pro. per.
Edmund L. Mooney, for respondent.

PER CURIAM. The appellant has been the attorney of record in this action for the defendant Maclagan since the commencement of the action. The order here appealed from was granted upon the motion of the defendant Maclagan; the granting of the order evidently being based upon the absolute right of a party to change his attorney, as no misconduct on the part of the appellant or cause for the substitution is shown. That a party has the absolute right to change his attorney is without question in this state. Under rule 10 of the general rules of practice, however, the rights of the attorney should be protected where no misconduct is shown, and this requires that when an

attorney has rendered services, and has received no compensation therefor, a substitution should not be granted without protecting his lien. The application of the rule requires, in the present case, that a reference should be ordered to determine the amount due the attorney, the latter to be allowed to retain the papers until the amount due him is determined and paid; that part of the order, however, which directs substitution to stand.

The order appealed from should be modified accordingly, and, as so modified, affirmed, with $10 costs and disbursements to the appellant.